14342:SCA:kls  Attorney No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RHONDA MCMILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Amount: In Excess of ONE HUNDRED |
| | ) | THOUSAND ($100,000.00) DOLLARS |
| WALMART, INC., a foreign corporation | ) | Plus Cost of Suit |
| | ) | |
| Defendant. | ) | Return Date: |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, RHONDA MCMILLAN, by and through her attorneys, THE VRDOLYAK LAW GROUP, LLC, and complaining of the Defendant, WALMART, INC., a foreign corporation, states as follows:

### COUNT I – RHONDA MCMILLAN v. WALMART, INC.

1. That on or about February 2, 2019, and at all relevant times herein, the Defendant, WALMART, INC., was a foreign corporation authorized and doing business in the State of Illinois.

2. That at the aforesaid time, and at all relevant times herein, the Defendant did own, operate, manage, and control the property and/or the surrounding Premises at or near 4720 S. Cottage Grove Ave, in the City of Chicago, County of Cook, State of Illinois (hereinafter "premises").

Exhibit C

3. That at the aforesaid time and place, and at all relevant times herein, the Defendant made said premises available to the general public and said property was, in fact, used by the general public.

4. That at the aforesaid time and place, and at all relevant times herein, Defendant invited and allowed the Plaintiff, RHONDA MCMILLAN, to enter upon said premises and Plaintiff was, in fact, lawfully upon said premises.

5. That at the aforesaid time and place, and at all relevant times herein, the Plaintiff was an intended and permitted user of said premises owned by the Defendant.

6. That at all relevant times herein, the Plaintiff was in the exercise of all due care and caution for her own safety and the safety of others, that care being commensurate with her age, intellect, and mental capacity and with the physical circumstances existent at such time and place.

7. That at the aforesaid time and place, the Plaintiff was then and there lawfully upon said premises when he did suffer injuries in or at said premises due to a defective condition upon the premises thereon consequential to the negligence of the Defendant, WALMART, INC., to wit: water or other slippery substance between the exit of Defendant's store and negligently placed floor mat causing Plaintiff to slip and fall and sustain injury.

8. That the aforesaid unreasonably dangerous condition was present at said premises consequential to the negligence of the Defendant, WALMART, INC., as hereinafter set forth.

9. That the aforesaid unreasonably dangerous condition was not open and obvious to Plaintiff who was then and there in exercise of due care and caution.

10. That at the aforesaid time and place, and at all relevant times herein, the Defendant had actual or constructive notice of the existence of the aforesaid unreasonably dangerous condition.

11. That at the aforesaid time and place, and at all relevant times herein, the Defendant, WALMART, INC., had either actual or constructive notice that its failure to either remedy or

remove the aforesaid unreasonably dangerous condition resulted in high probability that others lawfully upon said premises would suffer serious physical harm as a result of the aforesaid unreasonably dangerous condition.

12. That at the aforesaid time and place, and at all relevant times herein, the Defendant owed a duty to the Plaintiff, RHONDA MCMILLAN, and to the public generally, to exercise reasonable care in the remedy, repair and maintenance of said Premises in order to guard against foreseeable injuries to third parties and to maintain her property in reasonably safe condition.

13. That at the aforesaid time and place, the Defendant, WALMART, INC., negligently breached its duty to the Plaintiff, by acting with disregard for the safety of the Plaintiff, through one or more of the following acts and/or omissions:

(a) permitted and allowed the aforesaid unreasonably dangerous condition at said premises to be and remain in an unreasonably dangerous condition;

(b) failed to remedy or remove the aforesaid unreasonably dangerous condition at said premises;

(c) failed to adequately maintain said premises;

(d) failed to install barricades and/or warnings devices to ensure safe navigation of the area by Plaintiff and anyone else legally on the premises;

(e) maintained said premises in an open, defective condition for an unreasonable length of time;

(f) caused and created and/or allowed the aforesaid unreasonably dangerous condition to remain at said premises through Defendant's negligence; and

(g) failed to warn Plaintiff of the aforesaid unreasonably dangerous condition of said premises.

14. That as proximate result of one or more of the aforesaid acts and/or omissions of the Defendant, WALMART, INC., Plaintiff, RHONDA MCMILLAN, suffered injuries and damages of a personal, pecuniary, and permanent nature.

15.

WHEREFORE, Plaintiff, RHONDA MCMILLAN, demands judgment against the Defendant, WALMART, INC., a foreign corporation, for a sum not in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00) plus costs of suit.

_____
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC. #41535**
**By: Steve Armbruster**
Attorney for Plaintiff
9618 S. Commercial Avenue
Chicago, IL 60617
(773) 731-3311

14342:SCA:kls                                           Attorney No. 41535

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| RHONDA MCMILLAN, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | Amount: In Excess of ONE HUNDRED |
| | ) | THOUSAND ($100,000.00) DOLLARS |
| WALMART, INC., a foreign corporation, | ) | Plus Cost of Suit |
| | ) | |
| Defendant. | ) | Return Date: |

### AFFIDAVIT PURSUANT TO RULE 222(b)

I, **Steve Armbruster**, attorney for Plaintiff RHONDA MCMILLAN, state that the damages sought in this matter do not exceed One Hundred Thousand ($100,000.00) Dollars.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that I verily believe the same to be true.

_____
Attorney for Plaintiff

**THE VRDOLYAK LAW GROUP, LLC. #41535**
**By: Steve Armbruster**
Attorney for Plaintiff
9618 S. Commercial Avenue
Chicago, IL 60617
(773) 731-3311